IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN J. GONZALEZ,

    Plaintiff,

    v.                                            No. CIV 14-0612 MCA/SMV

STATE OF NEW MEXICO,
RICHARD VAN DYK,
PATRIC M. MELVIN,
MARY CRAIG,
ALLEN SANCHEZ,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names as Defendants the State of New Mexico, a judge (Van Dyk), two prosecutors (Melvin and Craig), and a police detective (Sanchez). Plaintiff alleges that he was falsely charged, prosecuted, and convicted of arson. Specifically, he alleges that Defendant Sanchez arrested him on an arson charge for which there was no evidentiary support. Furthermore, the state court failed to hold a timely preliminary hearing, kept Plaintiff in custody by imposing excessive bail, illegally determined that he was competent to stand trial, and failed to order turnover of certain records. Also, in Count V he asserts that an unidentified party tampered with certain public records. For relief, the complaint seeks Plaintiff's immediate release from confinement as well as damages.

Defendants Van Dyk, Melvin, and Craig are immune to Plaintiff's claims in this § 1983 action. First, "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). Plaintiff alleges that Defendant Van Dyk was acting exclusively in his judicial role, and claims against this Defendant will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Also, as the Supreme Court ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431; *and see Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012). Because the named prosecutors took the alleged actions as part of their prosecution of Plaintiff's criminal case, the Court will dismiss his

claims against them.

Furthermore, "[T]he state . . . [is not a] 'person[]' within the reach of § 1983.  In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' "  *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69-70 (1997); and citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)).  The Court will dismiss Plaintiff's claims against the State of New Mexico.

Nor is relief available in this § 1983 action on Plaintiff's claim against Defendant Sanchez for false arrest.  First, his request for immediate release must be pursued in habeas corpus proceedings.

> To the extent that he seeks injunctive relief, success on this claim would result in a speedier release from custody, so the claim cannot be pursued under § 1983 but must be pursued as a habeas claim under § 2241.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (claims for speedier release must be brought through habeas); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (claim that federal sentence ran concurrently with state sentence should be brought under § 2241).

*Frey v. Adams County Court Servs.*, 267 F. App'x 811, 813 (10th Cir. 2008).  And second, Plaintiff's damages claim against Defendant Sanchez lacks the essential allegation of a favorable outcome in the state criminal proceeding.  *See, e.g.*, *Mondragón v. Thompson*, 519 F.3d 1078, 1082-83 (10th Cir. 2008); *Roth v. Green*, 466 F.3d 1179, 1189-90 (10th Cir. 2006).  Plaintiff was bound over for trial and convicted, and thus probable cause for his arrest is a settled matter.  *See King v. Goldsmith*, 897 F.2d 885, 886 (7th Cir. 1990) ("conviction bars a suit for false arrest"); *and cf. Romero v. Fay*, 45 F.3d 1472, 1478 (10th Cir. 1995).  Because Plaintiff's claim of false arrest lacks an essential allegation, the Court will dismiss this claim.

In Count V, Plaintiff alleges that the public defender's office failed to respond to his

request for certain records, in violation of state law.  In view of the dismissal of all federal claims against Defendants, the question arises whether this Court should exercise jurisdiction of Plaintiff's state law claim.  It is assumed for purposes of this order that this Court has "supplemental jurisdiction" of this claim.  *See* 28 U.S.C. § 1367(a).  The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction."  § 1367(c)(3).  Under the terms of the statute, the Court declines to exercise supplemental jurisdiction and will dismiss Plaintiff's state law claim without prejudice to his right to pursue this claim in a state forum.  *See Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) (remanding case to district court with directions to dismiss state law claims without prejudice); *but cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal of state law claims with prejudice precludes adjudication of the claims in state court).

    IT IS THEREFORE ORDERED that Plaintiff's state law claim in Count V is DISMISSED without prejudice, Plaintiff's claims for release from custody are DISMISSED without prejudice to his rights under the habeas corpus statutes, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE